THOMAS W. MUNN, appellant vs. MERRY and HARRISON, appellees.

The affidavit required by the sixth section of the act of the 23d of November, 1821, to be made by the party demanding an appeal, must be made before the justice who tried the cause.

Justices of the peace are not *ex officio* authorized to administer oaths of a civil nature, or in the course of civil proceedings. All their civil duties, powers and authorities, have been superadded by statute to their original common law jurisdiction as magistrates ; they have no civil jurisdiction or power, except such as has been conferred on them from time to time by statute.

*W. Pennnington*, applied to the court for a mandamus to the Court of Common Pleas of the county of Essex, requiring that court to reinstate an appeal, which had been dismissed, because the affidavit had been made by the appellant before a justice other than the one who tried the cause.

*J. P. Jackson*, contra.

The opinion of the court was delivered by

HORNBLOWER, C. J.  The only question in this case is, whether the affidavit required by the sixth section of the act of 23d November, 1821, may be made before any other justice than the one before whom the cause was tried ?

The act says, " The party demanding the appeal, shall at the time of filing the appeal bond with the justice, also file with him an affidavit made by the said party, stating that the said appeal is not intended for the purpose of delay, &c.

In this case, the cause was tried before Justice Ball, and the affidavit was made before Justice Peck : the Court of Common Pleas dismissed the appeal on this ground, and an application is now made for a mandamus to that court.

The affidavit required in this case, is a proceeding in the cause ; for though a judgment had been rendered, the cause was still pending in the court for the trial of small causes, before Justice Ball, and continued to do so, until it was removed by appeal.  Can then, a proceeding in a cause depending before one justice, be conducted or carried on before another justice, or in another court ?  This court would not receive an affidavit on which to ground any proceeding here, unless that affidavit was made in this court, or before one of its proper officers for that purpose.  3 *Halst. Rep.* 176 ; and see also, *Trenton Bank* v. *Wallaer*, 4 *Halst. Rep.* 83, 84.  Unless indeed, it was a case in which the legislature had expressly authorized or required us to act upon an affidavit taken before some other court or officer. Nor would a Court of Common Pleas ground any of its com-

mon law proceedings, such as putting off a cause, or granting a new trial upon an affidavit made before another Court of Common Pleas, or before a justice of the peace. If then, one justice sitting in his court for the trial of small causes, may grant an appeal upon an affidavit made before another justice, in the absence of legislative authority for doing so, I do not see why such other justice may not swear the jury or the witnesses called and examined on the trial of the cause.

In the case of *Hunt* v. *Langstroth*, 4 *Halst. Rep.* 223, this court decided, that an affidavit taken before one justice, cannot be read to prove the service of a notice in a cause pending before another justice ; and the court there said, that such affidavit was mere blank paper, it was voluntary, and perjury could not be assigned upon it ; and the decision in that case is according to all analogy in legal proceedings, and in harmony with the rule of law upon this subject. In *Sty.* 455, it is said, " An affidavit taken before a master in chancery, will not be of any force in the Court of King's Bench, or other courts, nor ought to be read there ; for it ought to be made before one of the judges of the court wherein the cause is depending, or a commissioner," &c. appointed according to statute. 1 *Jac. Law Dict. tit. Affidavit,* 61.

No argument can be drawn from the expression used in the act, that the party shall *file* an affidavit, &c.—the same language is used in the 17th section of the original act, *Rev. Laws,* 623, on the subject of adjournments, and in the 24th section, *Rev. Laws,* 636, it is said, " That if the party shall make it appear to the satisfaction of the justice, either on his own oath or affirmation, or the oath or affirmation of some indifferent person, that," &c.; that then execution may issue against a freeholder, &c.; yet it has never been held, or insisted, that a party could have an adjournment in one case, or an execution in the other, upon an affidavit or oath made before some other court or justice.

But it was argued, and I think rightly, by the counsel opposed to this motion, that justices of the peace, are not *ex officio,* authorized to administer oaths of a civil nature, or in the course of civil proceedings. All their civil duties, powers, and authorities, have been superadded by statute to their original

*a*

common law jurisdiction as magistrates—they have no civil jurisdiction or power, except such as has been conferred on them from time to time by statute. Accordingly we find in our statute book, a variety of instances in which affidavits are directed, or expressly authorized to be taken before justices of the peace : and in some cases, the affidavit is directed to be taken before " any person authorized to adminster an oath:" Justices of the peace, in the exercise of their magisterial duties are, *ex officio*, authorized to administer oaths in matters affecting the public peace, and in a great variety of instances of a civil nature, as well as when holding a court for the trial of small causes, they are authorized by statute to perform that duty. When, therefore an act requires an affidavit to be taken " before any person authorized to administer an oath," it may perhaps, be well taken before a justice. But the case under consideration, is not of that description. Justice Peck, therefore, had no jurisdiction of the cause; the proceeding before him, was *coram non judice.* The affidavit was voluntary; no perjury could be assigned on it; and the Court of Common Pleas, did right to treat it as a nullity, and dismiss the appeal. The mandamus must be denied.

FORD, J. concurred.

Motion denied.

CITED in *English v. Bonham,* 3 *Gr.* 432 ; *Smith v. Abbott,* 2 *Harr.* 362.